UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| AZIZ SADIQ, <br><br> Petitioner, <br><br> v. <br><br> UNITED STATES OF AMERICA, <br><br> Respondent. | Civil Case No. 22-cv-2906-JPG <br> Criminal Case No. 21-cr-40012-JPG |

## MEMORANDUM AND ORDER

This matter comes before the Court on petitioner Aziz Sadiq's motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 (Doc. 1).[1]  The United States has responded to the motion (Doc. 14).

### I.   Background

In February 2021, a grand jury charged Sadiq with one count of attempted possession with intent to distribute more than 500 grams of a mixture and substance containing methamphetamine in violation of 21 U.S.C. §§ 841(a) and 841(b)(1)(A).  The Government sought an enhanced sentencing range—15 years to life—by filing an information pursuant to 21 U.S.C. § 851 that relied on Sadiq's 1996 federal conviction for multiple crack cocaine offenses, *see United States v. Sadiq*, 4:95-cr-40030-JPG.  21 U.S.C. § 841(b)(1)(A) (2021).  In June 2021, Sadiq entered an open plea of guilty.

On November 2, 2021, the Court sentenced Sadiq to serve 208 months in prison to run consecutively to his 16-month sentence imposed on a revocation of his supervised release in Case No. 95-cr-40030-JPG.  As part of his criminal history computation, a 1994 Illinois conviction for

---

[1] Sadiq filed a supplement to his motion proposing additional grounds for relief (Doc. 5), but the Court has rejected those grounds as untimely.

possession of cannabis contributed 3 points, 1st Rev. Presentence Investigation Report ¶ 35 (Doc. 31), to Sadiq's total accumulation of 8 points, which landed him in criminal history category IV. Without the cannabis conviction, he would have been in category III.  The petitioner did not appeal his conviction.  Contrary to Sadiq's statement in his motion, that conviction was not used to support a recidivism enhancement under 21 U.S.C. § 841(b)(1)(A); a prior federal drug conviction was.  Sadiq is currently scheduled to be released in July 2036.  *See* BOP, Find an Inmate, https://www.bop.gov/inmateloc/ (visited Oct. 17, 2023).

**II.    § 2255 Motion**

In his timely original § 2255 motion (Doc. 1), the petitioner raises the following claim:

**Ground 1:**   After a change in Illinois law, Sadiq's 1994 cannabis conviction was expunged.  He now asks the Court to vacate his current sentence and resentence him as if he were in criminal history category III and were not subject to the enhanced sentencing range in 21 U.S.C. § 841(b)(1)(A).  Sadiq submits the March 30, 2023, order of expungement as an attachment to his § 2255 supplement.

**III.   Discussion**

The Court must grant a § 2255 motion when a defendant's "sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence." 28 U.S.C. § 2255(a).  However, "[r]elief under § 2255 is available 'only in extraordinary situations, such as an error of constitutional or jurisdictional magnitude or where a fundamental defect has occurred which results in a complete miscarriage of justice.'" *United States v. Coleman*, 763 F.3d 706, 708 (7th Cir. 2014) (quoting *Blake v. United States,* 723 F.3d 870, 878-79 (7th Cir. 2013)).  It is proper to deny a § 2255 motion without an evidentiary hearing if "the motion and the files and records of the case conclusively demonstrate that the prisoner is entitled to no relief."  28 U.S.C. § 2255(b); *see Shipman v. United States*, 925 F.3d 938,

2

943 (7th Cir. 2019); *Sandoval v. United States*, 574 F.3d 847, 850 (7th Cir. 2009).

In his § 2255 motion, Sadiq asks the Court to correct his sentence after a post-sentencing factual change—the March 30, 2023, expungement of a state conviction. Had the expungement occurred before his 2021 sentencing, he would have been pegged at a criminal history category III rather than IV. In light of his guideline offense level of 33, that change would have meant Sadiq's guideline sentencing range would have been 180 (the statutory minimum) to 210 months of imprisonment instead of the 188- to 235-month range the Court applied. The Court's 208-month sentence fell within both guideline ranges as well as the statutory sentencing range of 15 year to life.

Generally, errors in the application of the advisory sentencing guidelines are not cognizable in a § 2255 motion. "Sentencing errors that can be raised on direct appeal are generally not cognizable upon collateral review. Cognizable sentencing errors include sentencing decisions rendered unlawful by a clarification in the law or sentencing decisions that exceed the statutory maximum." *Hanson v. United States*, 941 F.3d 874, 877 (7th Cir. 2019). This is true even if the error is not harmless. *Id.*; *Hawkins v. United States*, 706 F.3d 820, 823 (7th Cir. 2013), *supp'd on denial of reh'g*, 724 F.3d 915 (7th Cir. 2013).

Here, though, the Court did not err at the time of sentencing. Sadiq relies on a factual change that occurred *after* the imposition of his sentence, so the sentence was perfectly appropriate at the time it was imposed. Consequently, he could not have raised the issue on direct appeal. This § 2255 motion is the first time he could have presented such an argument. And neither party to this case had adequately established whether, in these circumstances, Sadiq is entitled to resentencing. The Government relies solely on cases where the Court actually erred at sentencing,

3

and Sadiq simply states that his prior conviction was vacated, *ipso facto*, he should be resentenced.

It is true that § 2255 is the proper means to contest a federal sentence on the basis of a state court's vacatur of a conviction that increased that sentence. *McNair v. United States*, 962 F.3d 367, 369 (7th Cir. 2020) (§ 841(b) recidivism enhancement). A defendant given a sentence enhanced for a prior conviction may be entitled to a reduction if the earlier conviction is vacated. *Johnson v. United States*, 544 U.S. 295, 303 (2005) (concerning career offender enhancement; citing *Custis v. United States,* 511 U.S. 485 (1994); *Daniels v. United States,* 532 U.S. 374 (2001)).

Timing is important to the viability of a § 2255 case seeking relief because a prior conviction was vacated. The petitioner must have acted promptly to vacate his prior conviction "as soon as he is in a position to realize that he has an interest in challenging the prior conviction with its potential to enhance the later sentence." *Johnson*, 544 U.S. at 308. The date that triggers the need for diligent action is the date of the judgment in the federal criminal case. *Id.* at 309. A petitioner must also file his motion within § 2255(f)'s one-year limitations period, which begins to run under § 2255(f)(4) when his sentence is vacated *if* the petitioner has been diligent. *Id.* at 301. *Johnson* (challenging career offender status) and *Wilson v. United States*, 413 F.3d 685, 688 (7th Cir. 2005) (challenging criminal history calculation), suggest that if a petitioner satisfies these timing requirements, he may be entitled to relief by a resentencing without the vacated prior conviction used in the guideline calculation. Both of those § 2255 motions were dismissed because the petitioner failed to show due diligence in seeking to vacate his conviction or in filing a § 2255 after that vacatur, so appropriate § 2255 relief was not expressly addressed by the respective courts.

Judgment in Sadiq's criminal case was issued on November 2, 2021. Sadiq does not say when he filed his motion to expunge and seal his state court conviction, so the Court has no basis

4

for finding he took action promptly to vacate his state conviction after his criminal judgment. In any case, the state court granted his motion and expunged and sealed his records on March 30, 2023, and his December 12, 2022, motion was, if anything, premature rather than too late.

The Court lacks critical information about Sadiq's due diligence in seeking to vacate his prior cannabis conviction. Further, there has been insufficient discussion whether resentencing is warranted as a matter of law in light of the expungement and sealing of that conviction if Sadiq observed due diligence.

### IV.    Conclusion

For the foregoing reasons, the Court **ORDERS** Sadiq to **SHOW CAUSE** on or before November 27, 2023, why the Court should not deny his § 2255 motion for lack of due diligence in seeking to vacate his prior Illinois cannabis conviction or because § 2255 relief is not available where a vacated conviction would only change the guideline calculation. The Court will construe a failure to timely respond to this order to show cause as an admission that Sadiq is not entitled to § 2255 relief. The Government shall respond to Sadiq's filing on or before December 22, 2023.

**IT IS SO ORDERED.**
**DATED:   October 23, 2023**

> s/ J. Phil Gilbert
> **J. PHIL GILBERT**
> **DISTRICT JUDGE**