UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

AZIZ SADIQ,

        Petitioner,

  v.

UNITED STATES OF AMERICA,

        Respondent.

Civil Case No. 22-cv-2906-JPG
Criminal Case No. 21-cr-40012-JPG

## MEMORANDUM AND ORDER

This matter comes before the Court on petitioner Aziz Sadiq's motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 (Doc. 1).[1] The United States has responded (Docs. 14 & 26), and Sadiq has responded to a Court order (Doc. 17) and replied to the Government's responses (Docs. 28 & 29).

In prior orders, the Court has set forth the background of Sadiq's current conviction, so it need not plunge into the details here. It need recount only the salient facts necessary for this order. For the offense in his criminal case, No. 21-cr-40012, *United States v. Sadiq*, Sadiq had a statutory minimum sentence of 15 years under 21 U.S.C. § 841(b)(1)(A) because of a prior federal crack cocaine conviction. The Court originally sentenced him to 208 months in prison, but recently, in light of United States Sentencing Guideline Amendment 821, it reduced his sentence to 180 months, the statutory minimum. *See United States v. Sadiq*, 21-cr-40012-JPG, Doc. 54. U.S.S.G. Amendment 821 reduced his criminal history category from IV to III, and the Government conceded that a reduction to the statutory minimum was appropriate.

In his § 2255 motion, Sadiq challenges the use of a 1994 Illinois conviction for

---

[1] Sadiq filed a supplement to his motion proposing additional grounds for relief (Doc. 5), but the Court has rejected those grounds as untimely.

possession of cannabis that contributed 3 points to his criminal history score. The conviction has since been expunged, and Sadiq seeks to be sentenced without the 3 criminal history points assessed because of that conviction. If those 3 points are not counted (and after applying Amendment 821), Sadiq would be in criminal history category II, where his guideline sentencing range technically would be 151 to 188 months but effectively would be 180 to 188 months because of the statutory minimum sentence. *See* U.S.S.G. § 5G1.1(c)(2). Sadiq's sentence is already 180 months, the lowest the Court is empowered to go absent a Government motion for a cooperation reduction, which it has not made.

The Court has already observed that factual changes that occur after sentencing can be the basis for § 2255 relief in some circumstances. The vacating of a prior conviction that has contributed to a sentence of incarceration is one such factual change, so long as the petitioner acted with due diligence to vacate the conviction. *McNair v. United States*, 962 F.3d 367, 369 (7th Cir. 2020); *see United States v. Obeid*, 707 F.3d 898, 903 (7th Cir. 2013); *see, e.g., Johnson v. United States*, 544 U.S. 295, 303 (2005) (citing *Custis v. United States,* 511 U.S. 485 (1994); *Daniels v. United States,* 532 U.S. 374 (2001)).

Although this door is arguably open to Sadiq in light of his expunged conviction, the Court could provide him no relief. Assuming the Court granted Sadiq's § 2255 motion, it could not resentence him to a sentence lower than he already has because his current sentence is the statutory minimum. And the vacated state sentence did not in any way determine the statutory sentencing range, so the statutory minimum would not change. So even if the Court found in a resentencing that Sadiq's offense level or criminal history were lower or that he had been an exemplary prisoner since his conviction, it could not give him a lower sentence.

Sadiq speculates that, if the Court vacated his current sentence and provided a full resentencing, the Government could reduce the charges or withdraw the § 851 enhancement to reduce or eliminate the mandatory minimum sentence, so the Court could resentence him to a sentence lower than 180 months.  This is pure, unfounded speculation—and very unlikely in the Court's view considering Sadiq's prior federal drug conviction and revocation of supervised release in that case contemporaneous with his conviction in the instant case.

Sadiq also asserts that he should be resentenced with a new presentence investigation report ("PSR") that would result not in a reduced sentence but in a real change in his conditions of confinement and the ability to earn good time credit.  Specifically, he claims that a PSR that omits his expunged conviction and finds he was in criminal history category II could affect his security level, his First Step Act recidivism score, his ability to earn good time credits, and his institutional assignments, which would have a real impact on his daily prison conditions.

While a new PSR might benefit Sadiq in these ways, § 2255 was not meant to address non-custodial aspects of sentencing like fines or restitution or, as here, conditions of confinement, and it does not confer jurisdiction over such disputes.  After all, § 2255 only applies if the prisoner claims "the right to be released," 28 U.S.C. § 2255, and Sadiq does not claim that a new PSR will entitle him to release for any or all of his current sentence.  Non-custodial aspects of a sentence are simply not remediable through § 2255 and do not justify § 2255 relief.  *United States v. Bania*, 787 F.3d 1168, 1172 (7th Cir. 2015) (§ 2255 "cannot be used as a vehicle for challenging the restitution component of a sentence"); *United States v. Sloan*, 505 F.3d 685, 697 (7th Cir. 2007) (same); *Barnickel v. United States*, 113 F.3d 704, 706 (7th Cir. 1997) (same).

The Court has sympathy for Sadiq, whose daily life may have improved with different findings in the PSR for his most recent offense.  Since § 2255 does not provide him an effective avenue for relief, the Court encourage him to seek an administrative remedy from the BOP in light of his documentation of his expunged conviction.

The Court further declines to issue a certificate of appealability for this decision adverse to the petitioner.  Pursuant to Rule 11(a) of the Rules Governing § 2255 Proceedings and Rule 22(b)(1) of the Federal Rules of Appellate Procedure, the Court considers whether to issue a certificate of appealability of this final order adverse to the petitioner.  A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2); *see Tennard v. Dretke*, 542 U.S. 274, 282 (2004); *Ouska v. Cahill-Masching*, 246 F.3d 1036, 1045 (7th Cir. 2001).  To make such a showing, the petitioner must "demonstrate that reasonable jurists could debate whether [the] challenge in [the] habeas petition should have been resolved in a different manner or that the issue presented was adequate to deserve encouragement to proceed further."  *Ouska*, 246 F.3d at 1046; *accord Buck v. Davis*, 580 U.S. 100, 115 (2017); *Miller-El v. Cockrell*, 537 U. S. 322, 327 (2003).  The Court finds that Sadiq has not made such a showing and, accordingly, declines to issue a certificate of appealability.

The Court having dismissed certain of Sadiq's grounds for § 2255 relief as untimely, and being unable to provide Sadiq any additional relief under § 2255 on the remaining ground, the Court:

- **DISMISSES** Sadiq's petition under 28 U.S.C. § 2255 (Docs. 1 & 5);
- **DIRECTS** the Clerk of Court to enter judgment accordingly;

4

- **DECLINES** to issue a certificate of appealability; and

- **DENIES as moot** Sadiq's motion to grant relief (Doc. 29) in light of this order.

**IT IS SO ORDERED.**
**DATED:   September 5, 2024**

                                            s/ J. Phil Gilbert
                                            **J. PHIL GILBERT**
                                            **DISTRICT JUDGE**